UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| MICHAEL GONZALES,<br>                Plaintiff,<br>  v.<br>PALO ALTO LABS, INC.,<br>                Defendant.<br>_____/ | No. C 10-2456 MEJ<br><br>**ORDER RE PERSONAL JURISDICTION**<br><br>**ORDER CONTINUING HEARING RE: DEFAULT JUDGMENT** |

This matter is scheduled for a hearing re: Plaintiff's default judgment motion on September 23, 2010. After reviewing Plaintiff's submissions in support of his motion, the Court is concerned that the preliminary issues of personal jurisdiction and venue have not been properly addressed. Specifically, in his Complaint, Plaintiff states that he is a citizen of California, but does not state in which district he resides. Further, he states that Defendant is a corporation of "unknown origin." Based on this information, it is not clear that jurisdiction exists.

Plaintiff states that jurisdiction is proper because Defendant "conducts business in this District through its advertising of Paravol in Popular Science and other nationwide advertising methods." However, advertisements in national magazines do not rise to the level of purposeful contact with a forum required by the Constitution in order to exercise personal jurisdiction over the advertiser. *See, e.g., Golden Scorpio Corp. v. Steel Horse Saloon I,* 2009 WL 348740, at *9 (D. Ariz. Feb. 11, 2009) (because the jurisdictional contacts for the defendant derive solely from passive Internet advertising and national magazine advertising, personal jurisdiction cannot be exercised); *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) ("We have previously held that evidence of mere placement of advertisements in nationally distributed

papers or journals does not rise to the level of purposeful contact with a forum required by the Constitution in order to exercise personal jurisdiction over the advertiser."); *Wines v. Lake Havasu Boat Mfg., Inc.*, 846 F.2d 40, 43 (8th Cir. 1988) (holding that an Arizona boat maker who advertised in national publications was not subject to specific jurisdiction in Minnesota because the advertising was not aimed at Minnesota); *Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*, 708 F.2d 1338, 1341 (8th Cir. 1983) (holding that national advertising appearing in a trade journal was insufficient to support specific jurisdiction); *Hamilton v. Accu-Tek*, 32 F. Supp. 2d 47, 70 & n. 30 (E.D.N.Y. 1998) (explaining that "advertisements placed in national publications such as trade magazines have been held insufficient to support" either specific or general jurisdiction); *Alsop v. Carolina Custom Products, Inc.*, 2007 WL 2441025, at *7 (C.D. Cal. June 29, 2007) ("Defendant has not targeted advertising or promotional materials to residents of California because it advertises in motorcycle magazines that are nationally distributed. Less than one percent of the sales were to California residents during the fifteen month period ... and none of these sales included the allegedly infringing products.").

    Plaintiff bears the burden of establishing that this Court has personal jurisdiction over Defendant. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citing *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). In the context of a motion for default judgment, the Court may dismiss an action *sua sponte* for lack of personal jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (1999). Where there are questions about the existence of personal jurisdiction, however, a court should allow the plaintiff the opportunity to establish that jurisdiction is proper. *Id.* at 713.

    Based on this authority, the Court finds that jurisdiction may not be proper in this district. Accordingly, the Court hereby VACATES the September 23, 2010 hearing and ORDERS Plaintiff to provide supplemental briefing which addresses the following questions:

1) In what district does Plaintiff reside?

2) Is Plaintiff able to provide any further information regarding Defendant's location, such as principal place of business and/or state of incorporation?

3) Given the authority cited above, how can this Court exercise jurisdiction over Defendant

when no evidence has been presented other than advertisements in national magazines?

Plaintiff shall file his supplemental brief by September 23, 2010. Upon review of the supplemental briefing, the Court shall reschedule the hearing on Plaintiff's motion, if necessary.

**IT IS SO ORDERED.**

Dated: September 16, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge