UNITED STATES DISTRICT COURT

Northern District of California

MICHAEL GONZALES,

                Plaintiff,

  v.

PALO ALTO LABS, INC.,

                Defendant.
_____/

No. C 10-2456 MEJ

**ORDER RE VENUE**

        The Court is in receipt of Plaintiff's supplemental memorandum regarding personal jurisdiction in this case. (Dkt. #15.) Upon review of Plaintiff's memo, it is unclear why Plaintiff filed this case in the Northern District of California. Specifically, Plaintiff resides in the Central District of California, (Dkt. #5 at 2:8-9), his counsel appears to be located in the Central District as well, and Plaintiff alleges that Defendant markets Paravol throughout California (Dkt. #5 at 3:5-7). Given this evidence, it appears that this case should be transferred to the Central District of California.

        "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) permits the district court to order transfer of an action sua sponte. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir.1986) (Approving of lower "court's handling of the improper venue issue . . . [as] analogous to the long-approved practice of permitting a court to transfer a case sua sponte under the doctrine of forum non conveniens . . . so long as the parties are first given the opportunity to present their views on the issue."); *Wash. Pub. Utils. Group v. United States Dist. Court*, 843, F.2d 319, 326 (9th Cir.1987) ( "[Section] 1404(a) does not expressly require

that a formal motion be made before the court can decide that a change of venue is appropriate."); *Interstate Fire & Cas. Co. v. United Nat'l Ins. Co.*, No. 07-04943, 2008 U.S. Dist. LEXIS 64632, at *3 (N.D. Cal. Aug. 22, 2008).

In the Ninth Circuit, the decision to transfer pursuant to § 1404(a) lies within the discretion of the district court and depends on the facts of each particular case. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The Court must consider both public factors, which go to the interests of justice, and private factors, which go to the convenience of the parties and witnesses. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986). Such factors may include: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' respective contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state, if any. *Jones*, 211 F.3d at 498-99; *see also Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904-05 (Fed. Cir. 2008).

Plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir.1979). Here, Defendant has not appeared in this matter, but its principal place of business and corporate address appear to be in Florida. (Dkt. #5 at 2:11-15) Further, the only evidence presented by Plaintiff is that Plaintiff alleges that Defendant markets Paravol throughout California, and that it conducts business through its advertising of Paravol in nationwide advertising methods. Thus, there appears to be no specific connection to the Northern District of California. Moreover, Plaintiff resides in the Central District of California, and his counsel appears to be located in the Central District as well. Accordingly, the Court hereby ORDERS Plaintiff to show cause why this case should not be transferred to the Central District of California. Plaintiff shall file a declaration by October 5, 2010. Plaintiff should be mindful that, given his failure to state where he resides in his complaint, the fact that his case has been pending in

this district for more than three months shall have little bearing on the Court's decision to transfer. Alternatively, Plaintiff may file a request and proposed order that this matter be transferred to the Central District.

**IT IS SO ORDERED.**

Dated: September 23, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge