UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| MICHAEL GONZALES,<br><br>　　　　　　Plaintiff,<br>　　v.<br>PALO ALTO LABS, INC.,<br><br>　　　　　　Defendant._____/ | No. C 10-2456 MEJ<br><br>**ORDER TRANSFERRING CASE TO CENTRAL DISTRICT OF CALIFORNIA** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Michael Gonzales' ("Plaintiff") Motion for Default Judgment, filed August 5, 2010. (Dkt. #8.) Defendant Palo Alto Labs, Inc. ("Defendant") has not filed an opposition or otherwise appeared in this matter. After consideration of Plaintiff's papers, relevant legal authority, and good cause appearing, the undersigned hereby **ORDERS** that this case be transferred to the Central District of California as the proper venue.

## II. BACKGROUND

In his Complaint, Plaintiff states that he "is a California citizen." (Compl. ¶ 7, Dkt. #1.) When the Court requested that Plaintiff clarify his residency for purposes of venue, he subsequently stated he "is a resident of Los Angeles County, California, which is located in the Central District of California." (Suppl. Mem. re: Appl. for Default J. ("Suppl. Mem.") 2:7-9, Dkt. #15.) He brings this action on behalf of the public pursuant to 35 U.S.C. § 292, which provides for civil penalties against anyone that uses the word "patent" in connection with any unpatented article for the purpose of

deceiving the public. 35 U.S.C. § 292(a). Plaintiff relies on § 292(b), which provides that "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States."

Defendant has its principal place of business at 265 SW Port St. Lucie Blvd., Suite 252, Port St. Lucie, FL 34984. (Suppl. Mem. 2:10-13.) As a corporation or other business entity, Defendant is neither a minor nor an incompetent person. (Ferrell Decl. ¶ 4, Dkt. #5-1.) Defendant is owned by Nutramedics Inc., a Florida profit corporation (formerly Logan Systems Inc.), which has its principal address at 1027 N. Florida Mango Road, Suite 2, West Palm Beach, FL 33409. *Id.* at 2:13-15. In his proposed Findings of Fact and Conclusions of Law submitted to the Court, Plaintiff has asked that default judgment also be entered against Nutramedics Inc. on an alter ego basis.

Defendant is a corporation that manufactures, advertises, distributes, and sells dietary supplements, including "Paravol." (Compl. ¶ 8, Dkt. #1.) Defendant advertises Paravol as a sexual wonder drug for men, claiming that "Paravol is engineered specifically for men looking to heighten the intensity and duration of their orgasm. You will be amazed how Paravol dramatically increases the pleasure of every sexual experience." (Ferrell Decl. ¶ 15, Dkt. #5-1.)

Plaintiff alleges that Defendant falsely advertises that Paravol is patented, and that it is unique among male enhancement supplements because of its patent. *Id.* at ¶ 17. Specifically, Plaintiff states that in recent editions of *Popular Science* and other magazines, Defendant advertised: "Paravol's results are due to its patented approach. Its unique ingredients target the sources of male sexuality. Quite frankly, Paravol doesn't have any competition. That's because no other product on the market is designed to increase the intensity and duration of the male orgasm." *Id.* Plaintiff alleges that, in reality, Paravol is not patented, and that Defendant's false claims have driven enormous sales of Paravol, believed to exceed over one million units in recent years. *Id.* at ¶ 19.

On June 3, 2010, Plaintiff filed the present complaint, alleging that Defendant engaged in a false marking scheme to deceive the public and to stifle legitimate competition, and to gain a competitive advantage in the market. (Compl. ¶¶ 20-21.) The Complaint alleges a single cause of action for False Patent Marking and seeks the following: (1) a determination that Defendant has

2

violated 35 U.S.C. § 292 by falsely advertising and marking Paravol as "patented" for the purpose of deceiving the public; (2) an order fining Defendant for false marking; (3) an order permanently enjoining Defendant and its affiliates from committing new acts of false patent marking and to cease all existing acts of false patent marking; and (4) an award of attorneys' fees and costs incurred in bringing this action. (*Id.* at 9:8-20.)

As Defendant has failed to respond to Plaintiff's Complaint or otherwise appear in this matter, the Clerk of Court entered Defendant's default on July 27, 2010. (Dkt. #6.) On August 5, 2010, Plaintiff filed the present Motion for Default Judgment, with a noticed hearing date of September 23, 2010. (Dkt. #8.) Defendant has not responded to Plaintiff's motion.

On September 16, 2010, the Court vacated the September 23 hearing and requested that Plaintiff provide further briefing. Specifically, after reviewing Plaintiff's submissions in support of his motion, the undersigned was concerned that the preliminary issues of personal jurisdiction and venue had not been properly addressed by Plaintiff. In his Complaint, Plaintiff states that he is a citizen of California, but did not state in which district he resides. Further, he states that Defendant is a corporation of "unknown origin." And, in his Proposed Findings of Fact and Conclusions of Law, (Dkt. #12), Plaintiff states only that jurisdiction is proper because Defendant "conducts business in this District through its advertising of Paravol in Popular Science and other nationwide advertising methods." Based on this information, it was not clear that jurisdiction existed, and the undersigned requested that Plaintiff answer the following questions:

1) In what district does Plaintiff reside?
2) Is Plaintiff able to provide any further information regarding Defendant's location, such as principal place of business and/or state of incorporation?
3) How can this Court exercise jurisdiction over Defendant when no evidence supporting jurisdiction has been presented other than advertisements in national magazines?

(Dkt. #13, 2:24-3:1.)

In response, Plaintiff provided the information stated above regarding Plaintiff's residence

3

(Los Angeles) and Defendant's principal place of business (Florida).  (Suppl. Mem. at 2:7-18, Dkt. #5.)  As a basis for personal jurisdiction, Plaintiff stated that Defendant markets Paravol in both the Northern and Central Districts of California.  *Id.* at 2:19-3:7.  Given this response, it appeared that this case should be transferred to the Central District of California; accordingly, the undersigned ordered Plaintiff to show cause why this case should not be transferred.  (Dkt. #17, 2:24-3:3.)  The undersigned warned Plaintiff that he should be mindful that, given his failure to state where he resides in his complaint, the fact that his case had been pending in this district for more than three months would have little bearing on the Court's decision to transfer.

On October 5, 2010, Plaintiff filed his response to the order to show cause.  (Borg Decl., Dkt. #18.)  Plaintiff does not deny that the Central District is the proper venue for this case, but requests that it remain in this district based on the procedural posture of the case.  *Id.* at ¶ 3.  Specifically, Plaintiff states that "the only remaining matter to be handled is Plaintiff's Application for Default Judgment, so a transfer to the Central District of California would only cause significant delay in Plaintiff's obtaining relief in this matter and could significantly increase his costs in that connection."  *Id.*  On this basis, Plaintiff submits that transferring this action to the Central District of California would not promote the interests of justice.  *Id.*  Although the undersigned warned Plaintiff that the length of time the case has been pending in this district would have little bearing on the Court's decision to transfer, he provides no other basis for his request.  The responsive declaration also provides no reason why the case was filed in the Northern District, other than that "Plaintiff selected this Court as the forum, and while this factor certainly is not determinative, it should be given due consideration."  *Id.* at ¶ 9.

## III. DISCUSSION

### A.   Legal Standard

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case.  "The district court's decision whether to enter default judgment is a discretionary one."  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  To assist courts in determining whether default judgment in appropriate, the Ninth Circuit has enumerated the

following factors for the court to consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect and; (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Upon entry of default, all factual allegations within the complaint are accepted as true, except those allegations relating to the amount of damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where a default judgment is granted, the scope of relief is limited by Federal Rule of Civil Procedure 54(c): "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

**B.   Jurisdiction and Venue**

When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court will therefore assess whether it has subject matter jurisdiction over this action, whether personal jurisdiction exists over the parties, and whether venue is proper in the Northern District of California.

1.   Subject Matter Jurisdiction

This Court has subject matter jurisdiction pursuant to 35 U.S.C. § 292(b), which provides for the bringing of actions to enforce the policy underlying the false marking statute. *See, e.g., Stauffer v. Brooks Brothers, Inc.*, 2010 WL 3397419, at *3-4 (Fed. Cir. Aug. 31, 2010)). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a), which provides, in pertinent part: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."

2.   Personal Jurisdiction

Next, the Court must assess whether Defendant is subject to the personal jurisdiction of this Court. As the party seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of establishing that it has personal jurisdiction over Defendant. *Scott v. Breeland*, 792 F.2d 925, 927

(9th Cir. 1986) (citing *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). In the context of a motion for default judgment, the Court may dismiss an action *sua sponte* for lack of personal jurisdiction. *In re Tuli*, 172 F.3d at 712. Where there are questions about the existence of personal jurisdiction, however, a court should allow the plaintiff the opportunity to establish that jurisdiction is proper. *Id.* at 713.

In his motion, Plaintiff contends that Defendant is subject to personal jurisdiction in this District because it conducts business here through its advertising of Paravol in *Popular Science* and other nationwide advertising methods. (Compl., ¶¶ 16-18.)  Plaintiff states that Defendant is located in Florida and is an alter ego of Nutramedics Inc., a marketing firm located in West Palm Beach, Florida. (Suppl. Mem. 2:10-13, Dkt. #15; Ferrell Decl. ¶ 3, Dkt. #12-1.)

"Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long arm-statute permits the assertion of jurisdiction without violating federal due process." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004).  Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *Id.* at 801.  Therefore, absent traditional bases for personal jurisdiction (*i.e.*, physical presence, domicile, and consent), the Due Process Clause requires that nonresident defendants have certain "minimum contacts" with the forum state, "such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316  (1945).

The Ninth Circuit has articulated a three-prong test to determine whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction:
(1) The non-resident defendant must purposefully direct his activities or consummate some transaction in the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v.*

*Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).

        *a.*        *Purposeful Availment*

To evaluate purposeful availment, the Court applies a three-part "*Calder*-effects" test, articulated in the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984). Under this test, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (internal quotes omitted). There is no requirement that the defendant have any physical contacts with the forum. *Schwarzenegger*, 374 F.3d at 803.

Here, Plaintiff alleges that Defendant falsely claimed that Paravol is patented, thereby engaging in a false marking scheme to deceive the public and to stifle legitimate competition. As part of this scheme, Defendant advertised in *Popular Science* and other magazines. However, advertisements in national magazines do not rise to the level of purposeful contact with a forum required by the Constitution in order to exercise personal jurisdiction over the advertiser. *See, e.g., Golden Scorpio Corp. v. Steel Horse Saloon I,* 2009 WL 348740, at *9 (D. Ariz. Feb. 11, 2009) (because the jurisdictional contacts for the defendant derive solely from passive Internet advertising and national magazine advertising, personal jurisdiction cannot be exercised); *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) ("We have previously held that evidence of mere placement of advertisements in nationally distributed papers or journals does not rise to the level of purposeful contact with a forum required by the Constitution in order to exercise personal jurisdiction over the advertiser."); *Wines v. Lake Havasu Boat Mfg., Inc.*, 846 F.2d 40, 43 (8th Cir. 1988) (holding that an Arizona boat maker who advertised in national publications was not subject to specific jurisdiction in Minnesota because the advertising was not aimed at Minnesota); *Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*, 708 F.2d 1338, 1341 (8th Cir. 1983) (holding that national advertising appearing in a trade journal was insufficient to support specific jurisdiction); *Hamilton v. Accu-Tek*, 32 F. Supp. 2d 47, 70 & n. 30 (E.D.N.Y. 1998) (explaining that "advertisements placed in national publications such as trade magazines have been held insufficient

to support" either specific or general jurisdiction); *Alsop v. Carolina Custom Products, Inc.*, 2007 WL 2441025, at *7 (C.D. Cal. June 29, 2007) ("Defendant has not targeted advertising or promotional materials to residents of California because it advertises in motorcycle magazines that are nationally distributed. Less than one percent of the sales were to California residents during the fifteen month period ... and none of these sales included the allegedly infringing products.").

In his supplemental memorandum, Plaintiff states that his counsel confirmed that Defendant markets Paravol through a number of retail outlets located within the Northern and Central Districts of California. (Suppl. Mem. 2:19-3:7.) "The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-298 (1980)). In this context, parties have "purposefully availed" themselves of the protections of the forum state when they "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006). Here, as it appears that Defendant has marketed and continues to market the Paravol product through numerous retail outlets in California, the undersigned finds that it has delivered its products into the stream of commerce with the expectation that they will be purchased by consumers in California. Accordingly, the purposeful availment prong is satisfied.

        b.    *Forum Related Activities*

The second prong of the specific jurisdiction analysis requires that the plaintiff's claims arise from the defendant's forum-related activities. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998). The requirement is satisfied if the plaintiff would not have been injured "but for" the defendant's forum-related conduct. *Id.*; *Meyers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2000). The substance of this action is that Defendant has marketed the Paravol product with a false claim that the product is patented. As Defendant engages in that activity by marketing Paravol through numerous retail outlets in California, the undersigned finds that Plaintiff has satisfied this prong as well.

8

*c.     Reasonableness*

The final prong assesses the reasonableness of exercising jurisdiction over the defendant. "Even if the first two requirements are met, in order to satisfy the Due Process Clause, the exercise of personal jurisdiction must be reasonable." *Panavision Int'l L.P.*, 141 F.3d at 1322 (citing *Ziegler v. Indian River County*, 64 F.3d 470, 474-75 (9th Cir. 1995)). For jurisdiction to be reasonable, it must comport with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487 (9th Cir. 1993) (citing *Burger King*, 471 U.S. at 476-77).

To determine whether jurisdiction is unreasonable, the Court considers: (1) the extent of defendant's purposeful interjection; (2) the burden on defendant in defending in the forum; (3) the extent of conflict with the sovereignty of defendant's state; (4) the forum state's interest in adjudicating the suit; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Core-Vent Corp.*, 11 F.3d at 1487-88. In engaging in this analysis, the Court balances each of the factors; no one factor is dispositive. *Id.* at 1488.

Here, the undersigned finds that jurisdiction in California in reasonable. With respect to the first factor, Plaintiff has shown that Defendant had intentional and continuous contact with California by advertising and selling Paravol in the state.

As to the second factor, while Defendant is in Florida and it may be a burden for it to litigate this lawsuit in California, Defendant has failed to make any appearance, and the undersigned is therefore unable to make this determination. Accordingly, given the record before the Court, the undersigned finds that this factor is, at best, neutral.

Looking at the third factor, Plaintiff's claims arise under federal law. Thus, there is no potential conflict with another state's laws or regulations, and this factor weighs in favor of Plaintiff.

Turning to the fourth factor, Plaintiff is a California resident. California courts have a strong

9

interest in protecting California citizens and domestic businesses from the wrongful acts of nonresident defendants. *Figi Graphics, Inc. v. Dollar Gen. Corp.*, 33 F. Supp. 2d 1263, 1268 (S.D. Cal. 1998) (recognizing that California has a valid interest in protecting a California company from copyright infringement). Accordingly, this factor weighs in Plaintiff's favor.

As to the fifth factor, Plaintiff's claims arise out of Defendant's actions in California. Thus, this factor weighs in Plaintiff's favor.

With respect to the sixth factor, while it may not be as convenient for Plaintiff to litigate this matter outside of California, there is nothing in the record suggesting that convenient and effective relief is not available in a different forum. Thus, this factor is neutral.

Evaluating the final factor as it relates to California, the undersigned finds that this factor is neutral for the same reasons stated in the fifth and sixth factors. However, as discussed below, the undersigned finds that the Northern District of California is not the proper venue within California.

Taking the foregoing factors into consideration, the undersigned finds that, on balance, they militate in favor of a finding that exercise of personal jurisdiction over Defendant in this action is reasonable. Accordingly, having reviewed all three prongs of the jurisdictional analysis, the undersigned finds that Defendant has sufficient minimum contacts to be susceptible to specific personal jurisdiction in California.

3.  Venue

Next, the undersigned must determine whether venue is proper in the Northern District of California. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) permits the district court to order transfer of an action sua sponte. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir.1986) (Approving of lower "court's handling of the improper venue issue . . . [as] analogous to the long-approved practice of permitting a court to transfer a case sua sponte under the doctrine of forum non conveniens . . . so long as the parties are first given the opportunity to present their views on the issue."); *Wash. Pub. Utils. Group v. United States Dist. Court*, 843, F.2d 319, 326 (9th Cir.1987) ( "[Section] 1404(a) does not expressly require

10

that a formal motion be made before the court can decide that a change of venue is appropriate."); *Interstate Fire & Cas. Co. v. United Nat'l Ins. Co.*, No. 07-04943, 2008 U.S. Dist. LEXIS 64632, at *3 (N.D. Cal. Aug. 22, 2008). Plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir.1979).

In the Ninth Circuit, the decision to transfer pursuant to § 1404(a) lies within the discretion of the district court and depends on the facts of each particular case. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The Court must consider both public factors, which go to the interests of justice, and private factors, which go to the convenience of the parties and witnesses. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Such factors may include: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' respective contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state, if any. *Jones*, 211 F.3d at 498-99; *see also Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904-05 (Fed. Cir. 2008).

Here, as Plaintiff states in his response to the order to show cause, Factor Nos. 1, 2, 9 and 10 are neutral in this action because it is brought under federal law, 35 U.S.C. § 292, and it therefore does not implicate any contracts or state law or policy. Additionally, because the matter is in default and only awaits a hearing on Plaintiff's Application for a Default Judgment, the issues of differences in costs of litigation in the two forums (No. 6), the availability of compulsory process (No. 7), and the ease of access to sources of proof (No. 8), are not implicated at this stage either. As detailed in Plaintiff's filings, Defendant has taken no steps to defend this action.

This leaves Factor Nos. 3-5. As to the choice of forum, Plaintiff has not stated why he chose the Northern District of California, and the Court previously warned him that, given his failure to state where he resides in his Complaint, the fact that his case has been pending in this district for

11

more than three months has little bearing on the Court's decision to transfer. Still, although he has presented no reason why he chose this district as opposed to the Central District, the Court finds that his choice of forum necessarily weighs in his favor.

As to the parties' respective contacts with this forum, Defendant has not appeared in this matter, but its principal place of business is in Florida. Further, the only evidence presented by Plaintiff is that Defendant markets Paravol throughout California, including the Central District of California, and that it conducts business through its advertising of Paravol in nationwide advertising methods. Thus, there appears to be no specific connection to the Northern District of California. On the other hand, Plaintiff resides in the Central District of California, and his counsel appears to be located in the Central District as well. Thus, this factor weighs heavily in favor of transfer to the Central District of California.

Finally, as to the contacts relating to Plaintiff's cause of action in the Northern District, there appears to be no specific connection to this district that is not also present in the Central District. Thus, these factors favor transfer to the Central District.

In his response to the order to show cause, Plaintiff argues that the only remaining matter to be handled is his Application for Default Judgment, "so a transfer to the Central District of California would only cause significant delay in [his] obtaining relief in this matter and could significantly increase his costs in that connection." (Borg Decl. ¶ 10, Dkt. #15.) However, had Plaintiff filed this matter in the Central District at the start, or included information regarding his residency in his Complaint filed in this district, these issues could have been avoided. The Court finds it would be inappropriate to allow Plaintiff to remain in this venue simply because he chose to withhold certain residency information, only to later claim it is too late to transfer the case to the proper venue. Accordingly, the Court finds that transfer to the Central District of California is proper.

## IV. CONCLUSION

Based on the analysis above, the Court hereby ORDERS that this matter be transferred to the Central District of California. Accordingly, the undersigned shall not rule upon Plaintiff's motion

for default judgment.

**IT IS SO ORDERED.**

Dated: October 6, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge